IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL FLORES, JR, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CA C-09-080 |
| | § | |
| NUECES COUNTY, ET AL., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate at the Nueces County Jail in Corpus Christi, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Nueces County was negligent and failed to protect him from risk of harm by other inmates, and that Christus Spohn was deliberately indifferent to his serious medical needs by failing to provide treatment to his injured shoulder. Pending is plaintiff's second motion for appointment of counsel (D.E. 24). The motion is denied without prejudice.

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint

counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not overly complex. According to plaintiff, Nueces County negligently maintained its elevators at the courthouse, causing him to injure his shoulder when the elevator stopped improperly. Plaintiff further alleges that jail personnel are violating the rules for protective custody inmates, resulting in a risk that plaintiff will be harmed by his enemies. Finally, plaintiff alleges that Christus Spohn failed to provide medical treatment for the shoulder injury. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony at the evidentiary hearing demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

Plaintiff complains that the facility's law library does not have any "federal law books." Even if true,[1] plaintiff has not described how or why he needs federal law books at

---

[1] Undersigned has been advised that the United States Code is among the books available at the jail's library, and that the federal reporters (F.2d and F.3d) are available from

this stage of his case. His claims have been permitted to go forward. There are no motions pending for which he might need federal laws or cases. Plaintiff also complains about his inability to get his medical records and his need to have a lawyer help him do this; however, he was told at the evidentiary hearing that he could obtain his medical records by requesting those records from the attorneys for the defendants *after* the defendants were served, obtained counsel, and filed their answers. The answers in this case are not due until forty five days after service on June 16, 2009, or approximately the end of July. He can request his records then. Finally plaintiff complains about the need to obtain a second opinion, presumably from another doctor, but he does not explain why he needs a lawyer to do this. If plaintiff makes an appointment with and arranges to pay an expert for an examination and second opinion, jail officials will transport him to the appointment. If jail officials refuse, plaintiff can file a motion requesting the assistance of the court. Plaintiff has not explained how a lawyer could assist him in obtaining an expert opinion. A court-appointed lawyer does not pay the costs of the litigation, which is the responsibility of the plaintiff.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because the case has not yet been set for trial.

---

the county law library if a specific book or case is requested.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's second motion for appointment of counsel (D.E. 24) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 1st day of July, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE