IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL FLORES, JR, § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | CA C-09-080 |
| § | | |
| NUECES COUNTY, ET AL., § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER DENYING
THIRD MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff is an inmate at the Nueces County Jail in Corpus Christi, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Nueces County was negligent and deliberately indifferent when it allowed him to be injured in an elevator during transport and failed to protect him from risk of harm by other inmates, and that Christus Spohn was deliberately indifferent to his serious medical needs by failing to provide treatment to his injured shoulder. Pending is plaintiff's third motion for appointment of counsel (D.E. 40). The motion is denied without prejudice.

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance."

Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

Plaintiff has raised no new issues in his motion that have not already been addressed in previous orders denying him appointed counsel.  Plaintiff's case is not complex and he is able to investigate his claims and present his case.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel.  In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's third motion for appointment of counsel (D.E. 40) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 25th day of September, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE