UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL FLORES, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-80 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE

### Background

On April 12, 2010, plaintiff filed a notice of change of address which reflected that he had been released from custody (D.E. 70). He failed to file any response to the County's motion for summary judgment, filing only a statement that he believed he had responded to the County's discovery requests. A hearing was scheduled to give plaintiff an opportunity to appear and answer discovery, but he failed to appear. Defendant Christus Spohn Hospital filed a motion for summary judgment (D.E. 73) but to date plaintiff has not filed a response.

On July 8, 2010, a show cause order was issued requiring that plaintiff show cause, within ten days, why his remaining claims should not be dismissed for want of prosecution (D.E. 75). He was warned that failure to timely comply would result in dismissal of his remaining claims for want of prosecution (*Id.*). To date plaintiff has failed to comply. It appears plaintiff has abandoned any interest in pursuing his claims in this lawsuit.

## Applicable Law

Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal of claims for want of prosecution by the plaintiff.  However, dismissal is appropriate only upon a showing of a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interest of justice.  *Dorsey v. Scott Wetzel Services, Inc.*, 84 F3d 170, 171 (5th Cir. 1996) (citing *Salinas v. Sun Oil Co.*, 819 F.2d 105, 105 (5th Cir. 1987)).  Here there is a clear record of delay and contumacious conduct.  Plaintiff failed to comply with discovery requests.  He failed to appear at a pretrial hearing.  He failed to respond to two motions for summary judgment, and he failed to respond to a show cause order.  He has had no contact with the court, and it is clear that there are no lesser sanctions than dismissal where plaintiff has voluntarily absented himself from *any* participation in his own lawsuit.  Dismissal is appropriate.

## Conclusion

Plaintiff's claims against Christus Spohn Hospital Corpus Christi are dismissed for want of prosecution.  FED. R. CIV. P. 41(b).  Christus Spohn's motion for summary judgment (D.E. 73) is denied as moot.

ORDERED this 29th day of July, 2010.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE